UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERSON JOSUE SANTAMARIA TURCIO,

                        Petitioner,

-against-

KRISTI NOEM, in Her Official Capacity as Secretary for the United States Department of Homeland Security, et al.,

                        Respondents.

25-CV-05941 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

      Petitioner Gerson Josue Santamaria Turcio ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Dkt. No. 1, "Petition" or "Pet."), pursuant to, *inter alia*, 28 U.S.C. § 2241, the Suspension Clause and Fifth Amendment of the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 701. Upon filing this action, Petitioner simultaneously filed an emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "PI Motion" or "PI Mot."). Dkt. No. 6. Hon. Ronnie Abrams, acting in her Part I capacity, denied Petitioner's request for a temporary restraining order, leaving the ultimate disposition of the Petition and PI Motion for the undersigned. *See* Dkt. No. 19. For substantially the reasons underlying Judge Abrams' decision, the Court DENIES the Petition for lack of subject-matter jurisdiction and DENIES the motion for a preliminary injunction as moot.

1

## FACTS & PROCEDURAL BACKGROUND[1]

Petitioner is a native and citizen of Honduras. Nevin Decl. ¶ 3. On December 2, 2019, a Border Patrol Officer of the U.S. Customs and Border Protection ("CBP") encountered Petitioner in the Rio Grande Valley around Hidalgo, Texas. *Id.* ¶ 4. The CBP Officer determined that Petitioner was an unaccompanied minor and had unlawfully entered the United States without inspection by an immigration officer and without legal documents to enter or remain in the United States. *Id.* ¶ 4. Petitioner was arrested by CBP, processed, and then transferred to the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"). *Id.*

On December 26, 2019, ORR released Petitioner to the care of his adult brother, who resided in Rhinebeck, New York. *See id.* ¶ 5. On December 30, 2019, ICE served Petitioner, by mail, with a Notice to Appear (the "NTA"), charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and a Form I-862, which advised Petitioner that he was to appear before an immigration judge at 26 Federal Plaza in Manhattan on a day and time to be determined. *Id.* ¶ 6.

On April 8, 2020, ICE initiated removal proceedings against Petitioner by filing the NTA with the Executive Office for Immigration Review. *Id.* ¶ 7. On April 9, 2020, the immigration court mailed a notice of the hearing to Petitioner at his residence in Rhinebeck, New York, scheduling an initial master calendar hearing for November 19, 2020. *Id.* ¶ 8. The initial hearing was adjourned several times, and Petitioner was advised of these adjournments through notices of hearing mailed by the immigration court. *Id.* In October 2021, the removal case was

---

[1] The Court's recitation of facts is primarily drawn from the Declaration of Timothy Nevin, a Supervisory Detention and Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") overseeing the case officer assigned to manage Petitioner's removal. *See* Dkt. No. 15 ("Nevin Decl."). Petitioner does not contest or dispute the facts represented by Officer Nevin or reflected in the materials appended to the Nevin Declaration. Citations to the Nevin Declaration incorporate by reference the exhibits cited therein.

reassigned to an immigration judge at the New York Broadway Immigration Court, who also adjourned the initial hearing several times.  *Id.*

The initial hearing was ultimately held on August 4, 2023, but Petitioner failed to appear. *Id.* ¶ 9.  The immigration judge adjourned the matter to November 3, 2023, and provided another notice of hearing to Petitioner, which was mailed again to his residence in Rhinebeck, New York, giving him another opportunity to appear.  *Id.*  Petitioner again failed to appear at the rescheduled hearing on November 3, 2023.  *Id.* ¶ 10.

At the November 3 hearing, after granting the U.S. Department of Homeland Security's ("DHS") motion to proceed *in absentia*, and upon reviewing the documentary evidence submitted by DHS, the immigration judge issued an *in absentia* order of removal and mailed a copy of the removal order to Petitioner.  *Id.*

On July 18, 2025, Petitioner was arrested by ICE while ICE was conducting a separate enforcement action involving a different individual.  *Id.* ¶ 11.  At the time of his arrest, Petitioner was in possession his Honduran passport, valid through August 2, 2033.  *Id.*  During processing, ICE issued a Warrant of Removal/Deportation, Form I-205, and advised Petitioner of his rights. *Id.*  Thereafter, Petitioner was transferred to a holding space at 26 Federal Plaza.  *Id.*  On July 19, 2025, Petitioner was temporarily transferred to the Nassau County Correctional Center, pending bedspace approval at another facility.  *Id.* ¶ 12.  The next day, on July 20, 2025, upon approval of ICE's bedspace request at Richwood Correctional Center in Monroe, Louisiana ("Richwood"), ICE transferred Petitioner back to 26 Federal Plaza to await a flight to Richwood in preparation for Petitioner's removal from the United States, given his possession of a valid travel document to effectuate his removal.  *Id.* ¶¶ 13–14.

On July 21, 2025, Petitioner filed this habeas action and the PI Motion. In his Petition, Petitioner seeks to stay his removal in order to allow him to file a motion to reopen the proceedings before the immigration court. *See* Pet. ¶¶ 53–63. In his PI Motion, Petitioner seeks to restrain Respondents from removing Petitioner from the United States or moving Petitioner outside of New York, and to require Respondents to provide 72-hours' notice of any movement of Petitioner. *See* PI Mot. at 1. That same day, Judge Abrams, acting in her Part I capacity, issued an order restraining Respondents from removing Petitioner out of this District. *See* Dkt. No. 11. Upon learning of the July 21 Order, ICE cancelled the previously scheduled transfer plans and transferred Petitioner to Orange County Jail in Goshen, New York, which is located within this District and where he is currently detained. Nevin Decl. ¶ 15.

In the July 21 Order, Judge Abrams further ordered expedited briefing on the TRO Motion and scheduled a hearing, which took place on July 23, 2025. *See* Dkt. No. 11. At the July 23 hearing, Judge Abrams denied Petitioner's request for a temporary restraining order, finding the Court lacked the power to stay or delay his removal.[2]

## DISCUSSION

For substantially the reasons stated by Judge Abrams in denying Petitioner's request for a temporary restraining order, the Court must deny the Petition and request for a preliminary injunction because the Court lacks jurisdiction to grant the requested relief.

Federal district courts retain very limited subject-matter jurisdiction to review challenges to orders of removals. Under the plain language of 8 U.S.C. § 1252, Congress has prohibited district courts from staying a noncitizen's removal. First, 8 U.S.C. § 1252(a)(5) provides that "a

---

[2] At the hearing, Petitioner withdrew his argument that § 1252's jurisdiction-stripping provisions violate the Suspension Clause.

4

petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C. § 1252(a)(5). Second, 8 U.S.C. § 1252(b)(9) further provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from <u>any action taken</u> or proceeding brought to remove a[] [noncitizen] from the United States . . . shall be available only in judicial review of a final order." *Id.* § 1252(b)(9) (emphasis added). "Sections 1252(a)(5) and 1252(b)(9) channel all challenges to removal orders and removal proceedings to the courts of appeals." *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 225 (S.D.N.Y. 2019). And finally, 8 U.S.C. § 1252(g) further provides, in relevant part, that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." 8 U.S.C. § 1252(g).

In *Delgado v. Quarantillo*, the Second Circuit held that the district court did not have jurisdiction over a mandamus action to compel USCIS to make a determination on the petitioner's Form I-212, and expressly held that § 1252(a)(5) precludes not only "direct" challenges to removal orders, but also "indirect" challenges. 643 F.3d 52, 55 (2d Cir. 2011). Following *Delgado*, many district courts in this Circuit have dismissed a wide variety of indirect challenges to removal orders for lack of jurisdiction. *Asylum Seeker Advoc. Project*, 409 F. Supp. 3d at 225 (collecting cases); *see, e.g.*, *Achbani v. Homan*, No. 17-CV-01512 (JBA), 2017 WL 4227649 (D. Conn. 2017) (holding the court lacked subject-matter jurisdiction over the plaintiff's request to be released from detention and to be allowed to remain in the United States to apply for and have adjudicated a Form I-601A); *Leybinsky v. USCIS*, No. 19-CV-06154

5

(RPK) (LB), 2021 WL 4407829 (E.D.N.Y. Sept. 26, 2021) (holding the court lacked subject-matter jurisdiction over the plaintiff's request to vacate his order of removal, adjust his immigration status, and vacate his OSUP); *Ceesay v. Bondi*, No. 25-CV-03716 (JSR), 2025 WL 1435615 (S.D.N.Y. May 16, 2025) (denying a motion for a temporary restraining order to enjoin the Government from detaining the plaintiff for the purposes of removing him from the United States). "[W]hether [a] district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." *Delgado*, 643 F.3d at 55.

"[N]umerous courts in this Circuit have held . . . that a request for a stay of removal constitutes a challenge to a removal order, and that accordingly district courts lack jurisdiction to grant such relief." *Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 350 (S.D.N.Y. 2019) (quoting *Vidhja v. Whitaker*, No. 19-CV-00613 (PGG), 2019 WL 1090369, at *3 (S.D.N.Y. Mar. 6, 2019)); *see, e.g.*, *Troy ex rel. Zhang v. Barr*, 822 F. App'x 38, 39 (2d Cir. 2020) (explaining that § 1252(g) bars a district court from staying a noncitizen's removal because "[a] stay of removal is a request to delay the execution of a removal order"). For example, in *Andoh v. Barr*, the court held that it lacked subject-matter jurisdiction over a habeas petition seeking a stay of the petitioner's removal pending final resolution of his motion to reopen before the Board of Immigration Appeals ("BIA"). No. 19-CV-08016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019). There, the court reasoned that the petitioner's request was an indirect challenge to his removal order because the motion to reopen, if resolved in the petitioner's favor, would have the effect of vacating his removal order. *Id.*

The reasoning in *Andoh* applies with full force here. Consistent with the weight of precedent in this Circuit, and with the reasoning of Judge Abrams with respect to the motion for a temporary restraining order, Section 1252 deprives this Court of jurisdiction to grant

Petitioner's habeas petition and his request for a stay of removal.  The Court also must deny the PI Motion for failure to show any likelihood of success on the merits, given the lack of subject-matter jurisdiction.  *See, e.g.*, *Abreu-Lopez v. Ashcroft*, No. 02-CV-06651 (AJP), 2002 WL 31251011, at *6 (S.D.N.Y. Oct. 8, 2002).

Nothing in this Opinion precludes Petitioner from filing his anticipated motion to reopen his removal proceedings with the BIA or asking the BIA to stay his removal pending the resolution of the motion to reopen.  *See* 8 C.F.R. § 1003.2(f).  Moreover, "[u]nder normal circumstances, removal does not bar a petitioner from filing a post-removal motion to reopen removal proceedings from outside the United States."  *Barros Anguisaca*, 393 F. Supp. 3d. at 351 (quoting *Hussein v. Brackett*, No. 18-CV-00273 (JL), 2018 WL 2248513, at *5 (D.N.H. May 16, 2018)); *see also Luna v. Holder*, 637 F.3d 85, 96–101 (2d. Cir. 2011) (holding that post-removal motions to reopen process generally are an adequate substitute for habeas).

## CONCLUSION

For the foregoing reasons, the Petition is DENIED for lack of subject-matter jurisdiction, and the motion for a preliminary injunction is DENIED as moot.  The Court's July 21, 2025 Order restraining the removal of Petitioner from this District (Dkt. No. 11) shall be in effect until **11:59 p.m. EDT on Friday, August 1, 2025**, in order to enable Petitioner to seek relief from the Court of Appeals for the Second Circuit if he chooses.  Nothing in this Order shall be construed to preclude Petitioner from applying for relief from his continued detention should that detention continue past the point of reasonableness, *see Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001), or be otherwise unlawful at some future date.

The Clerk of Court is respectfully directed to CLOSE this case.

Dated: July 29, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge
